**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLOR DE MARIA RODAS VALENZUELA; et al., | No. 20-71688 |
| Petitioners, | Agency Nos. A209-823-689 |
| v. | A209-823-690 |
| | A209-823-691 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Flor De Maria Rodas Valenzuela and her two children, natives and citizens

of Guatemala, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

denying their application for asylum, withholding of removal, and relief under the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. We also review de novo claims of due process violations in immigration proceedings. *Lopez-Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish their proposed social group is socially distinct. *See Conde Quevedo*, 947 F.3d at 1243 (substantial evidence supported the agency's determination that petitioner's proposed social group was not cognizable because of the absence of society-specific evidence of social distinction). Thus, the BIA did not err in concluding that petitioners did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N.

Dec. 227, 237 (BIA 2014))). Substantial evidence also supports the agency's determination that petitioners otherwise failed to establish that the harm they experienced or fear in Guatemala was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

In light of this disposition, we need not reach petitioners' contentions as to whether harm rose to the level of persecution and whether the Guatemalan government was and will be unable or unwilling to control those they fear. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Rodas Valenzuela failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA did not err in concluding the IJ did not violate petitioners' right to due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim). Petitioners' contentions that the agency erred in its legal analysis or ignored evidence also fail. *See Najmabadi v.*

20-71688

*Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency adequately considered evidence and sufficiently announced its decision); *see also Lata*, 204 F.3d at 1246.

To the extent petitioners raise a new claim in their opening brief based on deserting or leaving Guatemala without authorization, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**